**Joan H. OWENS, Respondent,**

**v.**

**Robert J. OWENS, Appellant.**

**No. 41033.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 23, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1979.

Application to Transfer Denied
Jan. 15, 1980.

**58**

Kenneth A. Cohn, Michael L. Lyons, Legal Services of Eastern Mo., Inc., St. Charles, for appellant.

Allan D. Jerger, Clayton, for respondent.

CLEMENS, Senior Judge. .

Garnishment raising the issue of defendant-debtor's claimed exemption of the proceeds of his social security checks on deposit with garnishee banks.

Plaintiff-wife had an unsatisfied child support judgment against defendant. At her request the trial court issued execution against defendant and garnishment against his two bank accounts. Defendant moved to quash on the ground the funds "sought to be garnished were Social Security payments and thus were immune from all legal process." The trial court denied defendant's motions to quash and he has appealed.

Defendant relies on § 407, 42 U.S.C. It provides, under the title "Assignment" that the right of any person to any *future* social security payments is not assignable and "none of the moneys *paid* or payable . . shall be subject to execution." The words "future" and "paid" seem incongruous. Considering the act as a whole, we conclude that once social security funds have been paid to the recipient the funds are his personal property and no longer exempt from execution on the sole ground the government was the source of those payments.

We find support in *Ponath, etc. v. Hedrick,* 22 Wis.2d 382, 126 N.W.2d 28, where the court held Section 407, supra, applies to future receipts, not to received benefits. And, in *Texas, etc. v. Corbitt,* Tex.Civ.App., 321 S.W.2d 610, the court held the section did not purport to assert any control over social security payments after payment thereof to the beneficiary. So it is here.

Judgment affirmed.

DOWD, P. J., and CRIST and REINHARD, JJ., concur.