**COLLINS, WEBSTER AND ROUSE, a Professional Corporation, Plaintiff–Respondent,**

v.

**Ira R. COLEMAN, Defendant–Appellant.**

**No. 16143.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 26, 1989.

Richard J. Collins, Collins, Webster and Rouse, P.C., Joplin, for plaintiff-respondent.

Susanna Jones, Legal Aid of Western Missouri, Joplin, for defendant-appellant.

PREWITT, Judge.

Defendant appeals from an order denying his motion to quash a garnishment. The parties stipulated to the following facts:

1. Respondent is a professional corporation duly authorized to do business in the State of Missouri and having its offices in Joplin, Jasper County, Missouri.

2. Appellant is an individual residing in Carthage, Jasper County, Missouri.

3. On November 16, 1986, Respondent obtained a judgment against Appellant in the amount of $445.00 plus interest.

4. On February 1, 1988, a transcript of the above-described judgment was filed with the Circuit Court in Joplin, Missouri.

5. On September 22, 1988, execution was issued to the Sheriff of Barry County, Missouri, with a return date of December 22, 1988, for garnishee Security Bank of Cassville, Missouri. Interrogatories to Security Bank were filed at the same time.

6. On October 17, 1988, Respondent filed a Motion for Order Directing Garnishee Security Bank of Cassville to pay funds into the Court.

7. On October 24, 1988, Appellant filed his Motion to Quash Garnishment claiming the exempt character of his funds as derived from Social Security checks and claiming his exemptions under RSMo 513.430(10)(a).

8. After hearing evidence and arguments, Honorable Judge Jaynes overruled the Motion to Quash Garnishment on the authority of *Owens v. Owens*, 591 S.W.2d 57 (Mo.Ct.App.1979). Appellant then filed his Motion for Trial De Novo.

9. By undisputed evidence all funds in the Appellant's account in First Security Bank of Cassville were direct deposits of Social Security Disability checks of Appellant and his disabled son.

10. On December 21, 1988, a trial de novo was held before Judge Thomas Elliston, who again overruled Appellant's Motion to Quash on the authority of *Owens, supra.* It is from this Order that Appellant now appeals.[1]

Appellant contends that the trial court erred in overruling his motion to quash because the bank account which was the subject of garnishment consisted solely of social security funds which are exempt under 42 U.S.C. § 407 and § 513.430(10)(a), RSMo 1986, from execution, garnishment, or other process.

Title 42 U.S.C. § 407(a) states:

(a) The right of any person to any future payment under this title [42 USCS §§ 401 et seq.] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title [42 USCS §§ 401 et seq.] shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

The Missouri statute, although this decision is not based upon it, states:

**513.430. Property exempt from attachment and execution.**—The following property shall be exempt from attachment and execution to the extent of any person's interest therein:

\* \* \* \* \* \*

(10) Such person's right to receive:

(a) A social security benefit, unemployment compensation or a local public assistance benefit;

\* \* \* \* \* \*

■ As the question presented in regard to title 42 U.S.C. § 407 is a question of federal law, decisions of the United States Supreme Court interpreting that statute are binding on this court. *Wimberly v. Labor and Industrial Relations Commission*, 688 S.W.2d 344, 347 (Mo. banc 1985). Defendant primarily relies upon *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). This case was apparently not considered in *Owens*, nor cited in *Fraser v. Deppe*, 770 S.W.2d 479 (Mo.App.1989), which follows *Owens*.

*Philpott* is controlling and requires us to reverse the trial court. It held that a check for social security benefits deposited in a bank account in the name of Philpott in trust for another was exempt from process of a creditor. The opinion said that "moneys paid", although in a bank account, retained the "quality of moneys" and could not be reached for a claim of creditors. In determining that the deposit retained the "quality of moneys" the court relied upon *Porter v. Aetna Casualty Co.*, 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962).

■ Strictly speaking the United States Supreme Court's determination may be at odds with the legal relationship of a bank and its depositor. "The relationship of a

---

1. The trial court although stating that it did not agree with *Owens v. Owens,* 591 S.W.2d 57 (Mo. App.1979), felt it was "compelled" to follow it.

bank and its depositor is based on contract and creates a debtor and creditor relationship". *Herd v. Ingle,* 713 S.W.2d 887, 888 (Mo.App.1986). However, the Supreme Court in interpreting 42 U.S.C. § 407, although not saying so, apparently was concerned with substance rather than form. In any event, the money deposited with the bank was social security funds and as we view *Philpott* as controlling, the order must be reversed.

The trial court's order denying defendant's motion to quash is reversed and the cause remanded for entry of an order sustaining the motion.

FLANIGAN, P.J., and MAUS, J., concur.