RONALD O. BOULTER, APPELLANT, v.
NOLEEN BOULTER, RESPONDENT.

No. 27228

January 3, 1997                    930 P.2d 112

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell* and *Karen A. Peterson,* Carson City, for Appellant.

*Leslie J. Shaw,* Stateline, for Respondent.

## OPINION

*Per Curiam:*

After a thirty-seven year marriage, appellant Ronald Boulter filed a complaint for divorce against his wife, respondent Noleen Boulter, on April 18, 1990. Subsequently, Ronald and Noleen executed a property settlement agreement. The district court entered a decree of divorce which, by its terms, ratified, merged and incorporated the property settlement agreement. Eight months later, Noleen filed a motion for an order compelling enforcement of the divorce decree. Specifically, she asked for enforcement of paragraph 4(E) of the property settlement agreement.[1]

---

[1] Paragraph 4E states:

Each party is eligible to receive Social Security Benefits at normal retirement age. The parties have agreed to equalize Social Security Benefits as they are received during their joint lifetimes. Husband agrees to pay to wife one-half of each monthly Social Security check he receives. Wife agrees likewise to split equally with husband each Social Security check she receives. The parties will arrange with Social Security to have the Social Security checks deposited directly into their respective bank accounts, and shall arrange with their banks for an automatic transfer of the other party's share as set forth herein.

It is the parties' intention that Social Security benefits be divided, if possible, only to the extent that they were earned prior to the end of 1990. Accordingly, if the parties can obtain from Social Security within one hundred and eighty days of the date hereof, sufficient information to ascertain the benefits derived solely from earning prior to December 31, 1990, the parties specifically agree to amend this portion of this Agreement to include such specific monthly amounts.

When Ronald turned 65, he refused to apply for social security benefits, and refused to directly deposit the equivalent of one-half of his benefits (as if he were receiving them), into Noleen's bank account. Noleen contends that paragraph 4(E) required Ronald, upon reaching age 65, to pay her a sum equal to one-half of his monthly social security entitlement earned prior to the end of 1990. Pursuant to the agreement, Noleen sought attorney's fees and costs for filing the motion.[2]

Ronald opposed the motion, arguing that federal law prohibits the division of social security benefits in a marital dissolution proceeding. Alternatively, he argued that Noleen's motion should be denied because the language of the property settlement agreement neither required Ronald to apply for benefits at a certain age nor required him to pay Noleen one-half of his benefits at a certain age, and only required the equalization and payment of benefits actually received by the parties.

The district court granted Noleen's motion because the property settlement agreement equalizing social security benefits was not in violation of federal social security statutes. Moreover, the district court held that since Ronald's former attorney prepared the agreement, any ambiguity should be resolved against Ronald. Finally, the district court determined that Noleen was entitled to an award of attorney's fees and costs under the agreement as prevailing party. This appeal ensued.

## DISCUSSION

In pertinent part, the federal Social Security Act provides that:

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. §407(a)(1983).

Ronald contends that his right to future social security payments is being subjected to legal process in violation of §407(a) because the district court incorporated the property settlement agreement into the divorce decree and because this court is now employed to enforce that decree. We agree.

Any state action is preempted by a conflicting federal law, such as the Social Security Act, under the Supremacy Clause of the

---

[2]The agreement provides for an award of attorney's fees to the prevailing party in any action by which the court's assistance is sought to enforce the agreement.

United States Constitution, Article VI, Clause 2. *Kirk v. Kirk,* 577 A.2d 976, 979 (R.I. 1990).

> The [Social Security Act], consistent with its remedial purpose, provides for the various contingencies of life including the dissolution of marriage. Since the statute itself provides for an equitable distribution of its benefits to . . .divorced spouses, . . . we will not disturb the statutory scheme by suggesting *any* award of *any* part of the actual social security retirement benefits to which respondent may be entitled upon his reaching retirement age.

In re Marriage of Hawkins, 513 N.E.2d 143, 147 (Ill. App. Ct. 1987) (citations omitted) (emphasis added); *see also* Olson v. Olson, 445 N.W.2d 1, 11 (N.D. 1989) (social security is immune to adjustment by state courts in dividing marital property); Umber v. Umber, 591 P.2d 299, 301-302 (Ok. 1979) (Congress intended to provide distribution of social security benefits between spouses at time of divorce, thus placing the subject beyond state control); Swan v. Swan, 720 P.2d 747, 751-52 (Or. 1986) (Congress intended to preempt state property division law as applied to social security benefits of a spouse upon divorce); Richard v. Richard, 659 S.W.2d 746, 749 (Tex. App. Ct. 1983) (Congress exempted social security benefits from state law regarding property division since divorced spouse is provided social security benefits).

The United States Supreme Court has construed §407(a) to impose "a broad bar against the use of any legal process to reach all social security benefits." Philpott v. Essex County Welfare Bd., 409 U.S. 413, 417 (1973). In enacting such anti-assignment statutes, "Congress has afforded recipients [protection] from creditors, taxgatherers, and all those who would 'anticipate' the receipt of benefits. . . ." Hisquierdo v. Hisquierdo, 439 U.S. 572, 575-76 (1979), *superseded in part by* 45 U.S.C. §231m (1986).[3]

In the instant case, the district court merged the property settlement agreement that equalized social security benefits into

---

[3]In *Hisquierdo,* the United States Supreme Court considered whether benefits provided under the Federal Railroad Retirement Act of 1974 could be divided upon divorce. The anti-assignment statute in that case, 45 U.S.C. §231m(a), is virtually identical to the Social Security Act's anti-assignment clause, 42 U.S.C. §407(a). That statute provides:

> [N]otwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or to other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated.

45 U.S.C. § 231m(a).

the divorce decree. We hold that under *Philpott,* the district court's decree constitutes state action that has been preempted by the federal Social Security Act. *Philpott,* 409 U.S. at 417. Because the court was without power to take any action regarding the parties' social security benefits, paragraph 4E was not properly incorporated into the divorce decree. Accordingly, this court may not sustain the district court order enforcing paragraph 4(E) of the decree. We must therefore determine whether the lower court may nevertheless order enforcement of a private agreement dividing future payments of social security.

In U.S. v. Eggen, 984 F.2d 848 (7th Cir. 1993), the court held that once social security benefits "are paid over to the recipient, . . . he can use them to satisfy his preexisting obligations." *Id.* at 850 (citing Ponath v. Hedrick, 126 N.W.2d 28, 31 (Wis. 1964)). In *Ponath* the court stated that,

> Federal cases construing 42 U.S.C.A. § 407, hold that the provision seeks to prevent transfer of benefits *prior to receipt.* . . . The section [407] is intended to preclude a person entitled to benefits . . . from transferring his right before, but not after the Administrator has recognized it. The provisions of section 407 apply to the assignment of future receipts, not to received benefits.

*Ponath* at 31 (quoting Beers v. Federal Security Administrator, 172 F.2d 34, 36 (2d. Cir. 1949)).

Noleen contends that the division of social security benefits was a voluntary agreement between two private individuals to divide the benefits once they were received, and not an agreement dividing future social security benefits.

Although social security recipients may use the proceeds of their social security, after their receipt, to satisfy preexisting obligations, they may not contract to transfer their unpaid social security benefits. Thus, in contracting to give Noleen one-half of his benefits before he was eligible to receive them, Ronald ineffectually "transferred his right" to the benefits. Because Ronald and Noleen attempted to transfer their rights to future benefits in violation of 42 U.S.C. §407(a), the agreement was invalid and neither this court nor the district court may order its enforcement.

Moreover, the fact that the property settlement agreement was entered into voluntarily by the parties is without relevance. As another court correctly ruled, "Congress' clear and stringent interpretation of the prohibition on transfer or assignment of benefits in section 207(b) . . . compels us to strictly interpret that clause to prohibit voluntary as well as involuntary transfers or

assignments." Ellander v. Schweiker, 575 F. Supp. 590, 599 (S.D.N.Y. 1983), *appeal dismissed,* 781 F.2d 314 (2nd Cir. 1986). If voluntary assignments and transfers of future benefits were allowed, the "security" aspect of the social security program would frequently be jeopardized. Moreover, as discussed above, the agreement in this case is prohibited by federal statute.

Even if the benefits were received by Ronald and directly deposited in his account, the court is not empowered to compel Ronald to pay those benefits to Noleen. "It is clear from the U.S. Supreme Court's opinion in *Philpott v. Essex County Welfare Board,* . . . that if a bank account contains social security funds, the funds are exempt from legal process." Hatfield v. Cristopher, 841 S.W.2d 761, 767 (Mo. App. Ct. 1992).

Noleen cites Owens v. Owens, 591 S.W.2d 57 (Mo. App. Ct. 1980), in support of her position that the court can compel Ronald to transfer one-half of his social security benefits to Noleen once they are paid to Ronald. *Owens* held that "once social security funds have been paid to the recipient, the funds are his personal property and no longer exempt from execution on the sole ground that the government was the source of those payments." *Id.* at 58. The *Owens* case was followed in Fraser v. Deppe, 770 S.W.2d 479 (Mo. App. Ct. 1989).

However, in Collins, Webster and Rouse v. Coleman, 776 S.W.2d 930 (Mo. App. Ct. 1989), without overruling either *Owens* or *Fraser,* the same court held that social security benefits deposited in a bank account were exempt from process by a creditor under *Philpott.* The court held that *Philpott* was controlling and "was apparently not considered in *Owens,* nor cited in *Fraser* . . . which follows *Owens.*" Thus, Noleen's reliance on *Owens* is unavailing. In any event, we agree with *Hatfield's* interpretation of *Philpott,* concluding that if a bank account contains social security funds, the funds are exempt from legal process. *Hatfield,* 841 S.W.2d at 767.

In view of our ruling that the contested paragraph of the property settlement agreement was neither enforceable nor properly incorporated into the divorce decree, we need not consider Ronald's contention that the district court improperly interpreted the agreement.

Finally, Ronald notes that paragraph 8(D) of the agreement provides for an award of reasonable attorney's fees and costs to the prevailing party in an action that challenges or seeks to enforce the property settlement agreement. The district court awarded attorney's fees and costs to Noleen as the prevailing party. However, as a result of our reversal of the order entered by the district court, that award will have to be vacated.

## CONCLUSION

Under 42 U.S.C. § 407(a), the district court was without jurisdiction to enforce an award of Ronald's social security benefits to Noleen pursuant to paragraph 4(E) of the property settlement agreement. Although the agreement was the product of the voluntary negotiations of the parties, the enforcement of the contested paragraph is nevertheless prohibited by the federal statute.

For the reasons expressed above, we reverse the order entered below, including the district court's ruling with regard to the property settlement agreement, vacate the award of attorney's fees and costs to Noleen, and remand this matter to the district court with instructions to reconsider the property distribution to the parties, and the issue of attorney's fees and costs.