OPINION
 

 Per Curiam:
 

 In this proper person appeal, the primary issue is whether a Nevada district court has authority to order a noncustodial parent to pay child support from his or her supplemental security income and/or social security disability benefits. We conclude that under 42 U.S.C. § 407(a), Congress has expressly exempted supplemental security income from child support payments. Thus, a district court is prohibited from utilizing a noncustodial parent’s supplemental security income in setting a child support obligation. Congress, however, has waived the exemption with respect to social security disability benefits. Consequently, a district court may consider these benefits in its child support determination.
 

 FACTS
 

 Appellant Robert Metz and respondent Amy Metz were granted a divorce in 1998. They have one child, who is approximately eight years old. Under the divorce decree, the parties were awarded joint legal custody, with Amy having primary physical custody and Robert having weekend visitation. Robert was required to pay $360 in child support per month under the statutory formula. The decree also required Amy, who suffers from seizures and short-term mem
 
 *789
 
 ory loss, to place the child in day care for eight hours each weekday. The parties were instructed to exchange physical custody of the child at the day care facility.
 

 Since the divorce was entered, the parties have fought bitterly over child custody issues. In 1999, the parties stipulated to a change in the child custody arrangement, which was adopted by the district court. Under the new arrangement, Robert would have primary physical custody and Amy would have visitation every other weekend. Amy would also have custody of the child during the month of July. During July, when Amy had custody, Robert would have visitation every other weekend. Amy agreed to pay $100 per month in child support.
 

 In September 2002, Amy, proceeding in proper person, filed a motion to modify the child custody arrangement. Amy contended, among other things, that she could provide the child with a better home environment. Robert, also in proper person, filed an opposition to Amy’s motion and a countermotion for child support arrears. The matter was set for a hearing.
 

 In January 2003, before the district court ruled on Amy’s September 2002 motion to change custody, Robert filed an ex parte motion for an order to show cause for Amy’s alleged failure to pay child support. Robert further asserted that Amy was interfering with his ability to tend to the child’s medical needs. Also in January, Robert moved to modify the child custody arrangement. Robert sought sole legal and physical custody.
 

 After a hearing on the parties’ motions, the district court entered two orders on April 22, 2003. In one order, the district court, among other things, concluded that because Amy is receiving supplemental security income (SSI) and social security disability benefits (SSD), the court is prohibited from ordering her to pay child support. In the other order, the court denied both parties’ motions to modify the child custody arrangement. The order reaffirms the parties’ 1999 child custody stipulation, with two changes. Specifically, since the child is no longer enrolled in day care, the custody exchanges must now take place at the child’s school, or when the child is not at school, at the Washoe County Sheriff’s Department. The order also allows the parents telephone access to the child. Robert timely appeals from both April orders.
 

 DISCUSSION
 

 The child support order
 

 Nevada imposes upon both parents the duty to provide child support.
 
 [1]
 
 Our state’s child support statute authorizes a district court to
 
 *790
 
 determine a parent’s support obligation based on his or her “gross monthly income,” which could include both SSI and SSD benefits.
 
 [2]
 
 Although the United States Supreme Court has accorded the states great deference in matters regarding family law, under the Supremacy Clause, a federal statute may preempt a state statute when the two laws conflict.
 
 [3]
 
 Federal law exempts certain social security benefits from legal process. Thus, in the present matter we must determine whether SSI and/or SSD are preempted by federal law from being considered as gross monthly income under Nevada’s child support statute. Making this determination requires an understanding of the distinction between SSI and SSD. Each is intended to serve a specific purpose for the recipient.
 

 SSI
 

 As explained by the Indiana Court of Appeals in
 
 Cox
 
 v.
 
 Cox,
 

 [4]
 

 “SSI is a federal social welfare program designed to assure that the recipient’s income is maintained at a level viewed by Congress as the minimum necessary for the subsistence of that individual.” SSI provides benefits to disabled persons, blind persons, and individuals who are 65 or older.
 
 [5]
 
 Disabled persons, to be eligible for SSI, must have a medically determinable physical or mental disability and be unable to work because of that disability.
 
 [6]
 
 Additionally, a recipient may not have more than $2,000 in financial resources.
 
 [7]
 
 Consequently, SSI is a “means-tested” benefit. Government benefits are “means-tested” if eligibility for the benefits is determined based on the recipient’s income or resources.
 
 [8]
 
 Further, SSI is intended to supplement a recipient’s income, not substitute lost income because of a disability.
 
 [9]
 
 The recipient is not required to pay into the social security system in order to qualify for SSI benefits.
 
 [10]
 
 Thus, SSI provides a person with a minimum income and is designed to help poor, needy people.
 

 
 *791
 

 SSD
 

 SSD, on the other hand, is a disability insurance program that provides benefits for disabled workers.
 
 [11]
 
 SSD benefits are financed from payroll deductions and represent money that an employee has earned during his or her employment, and that the employer has paid for the employee’s benefit.
 
 [12]
 
 Thus, SSD is available based on an employee paying into the social security system during employment. A person is eligible for SSD benefits if certain disability requirements are met and if other criteria based on contributions into the social security retirement system are also met.
 
 [13]
 
 SSD is intended to replace lost income when an employee is unable to work after becoming disabled.
 
 [14]
 

 Having explained the nature of SSI and SSD benefits, we now turn to Nevada’s child support statute, to see if these benefits may be considered income used to calculate a parent’s monthly support obligation.
 

 Child support statute
 

 NRS 125B.070, Nevada’s child support statute, sets forth a support schedule based upon “a parent’s gross monthly income.” NRS 125B.070(l)(a) defines “gross monthly income” as
 

 the total amount of income received each month from any source of a person who is not self-employed or the gross income from any source of a self-employed person, after deduction of all legitimate business expenses, but without deduction for personal income taxes, contributions for retirement benefits, contributions to a pension or for any other personal expenses.
 

 This court has not addressed the issue of whether, under Nevada’s child support statute, social security benefits can be considered gross monthly income for the purpose of calculating a support obligation.
 

 Statutory construction is a question of law.
 
 [15]
 
 When the language of a statute is expressly clear and unambiguous, the apparent intent
 
 *792
 
 must be given effect, as there is no room for construction.
 
 [16]
 
 If, however, a statutory provision is ambiguous, then this court should attempt to follow the Legislature’s intent.
 
 [17]
 
 To ascertain legislative intent, a court may examine the context and spirit of the statute in question, together with the subject matter and policy involved.
 
 [18]
 
 Statutes also should be interpreted “in line with what reason and public policy would indicate the legislature intended.”
 
 [19]
 
 In addition, a statute should be read as a whole to give meaning to all of its parts.
 
 [20]
 
 “ ‘No part of a statute should be rendered nugatory, nor any language turned to mere surplusage, if such consequences can properly be avoided.’”
 
 [21]
 
 “Statutes with a protective purpose should be liberally construed in order to effectuate the benefits intended to be obtained.”
 
 [22]
 
 Finally, when the Legislature makes a substantial change in a statute’s language, it indicates a change in the legislative intent.
 
 [23]
 

 This court has construed the meaning of “gross monthly income” in a prior version of NRS 125B.070. In
 
 Rodgers v.
 
 Rodgers,
 
 [24]
 
 we considered whether the statutory definition of “gross monthly income” included a parent’s community property interest in a new spouse’s earnings. At the time, the statute defined “gross monthly income” as “the total amount of income from any source of a
 
 wage-earning employee
 
 or the gross income from any source of a self-employed person.”
 
 [25]
 
 We construed “gross monthly income” to “be limited to the parent’s income from employment,”
 
 [26]
 
 reasoning that any other interpretation would render the terms “wage-earning employee” and “self-employed person” nugatory.
 

 
 *793
 
 The child support statute was revised in 2001, and the term “wage-earning employee” was replaced with “person who is not self-employed.”
 
 [27]
 
 The legislative history fails to reveal why the language was changed; the focus of the Assembly hearings was raising the maximum cap for child support.
 
 [28]
 
 The substantial change in the statute’s language indicates that the Legislature intended to retreat from the
 
 Rodgers
 
 interpretation of “gross monthly income.” The new language could indicate a complete shift away from income being limited to employment. Or, since the definition still includes the “self-employed” language discussed in
 
 Rodgers,
 
 the change could indicate that income is still tied to employment, but not just to “wages.” Consequently, the definition of “gross monthly income” is ambiguous.
 

 Our rules of statutory construction yield a conclusion that “gross monthly income” is no longer limited to income from employment. The statute provides that income received from “any source,” regardless of whether the parent is “not self-employed” or is “self-employed,” should be used to calculate a parent’s child support obligation. If given full effect, this “any source”, language means that income is not limited to employment earnings. Additionally, Nevada’s public policies, to promote the adequate support of children and to encourage both parents to share the responsibilities of child rearing,
 
 [29]
 
 are served by including income from all sources in child support calculations. Finally, as the statute has a protective purpose — to maintain the support of children — it should be liberally construed to achieve this purpose. Therefore, we conclude that “gross monthly income” is not limited to income from employment but may include income from other sources. Given our conclusion, both SSI and SSD qualify as a source of a parent’s gross monthly income under NRS 125B.070.
 

 Federal preemption
 

 Under 42 U.S.C. § 407, Congress has expressly exempted all social security benefits from legal process brought by any creditor, including attachment, garnishment, levy or execution:
 

 The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights ex
 
 *794
 
 isting under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
 
 [30]
 

 In spite of this exemption, however, Congress has consented to income withholding, garnishment, and similar proceedings for child and spousal support enforcement from federal moneys payable based on “remuneration for employment.”
 
 [31]
 
 The exemption and its exception propel us to different conclusions regarding SSI and SSD in the context of child support.
 

 SSI benefits
 

 As explained above, SSI benefits are meant to provide recipients with a minimum income for self-support and are not paid from wage withholding or other employment funds. SSI benefits are not funded from payments from any past or present employment.
 
 [32]
 
 Nor are recipients required to pay into the social security system in order to qualify for SSI. Consequently, SSI benefits are not payable based on “remuneration for employment,” and the general exemption under 42 U.S.C. § 407 applies. As federal law exempts these benefits from creditors, and Nevada’s child support statute includes these benefits as income to be used in child support calculations, the federal statute conflicts with Nevada’s statute.
 

 According to the United States Supreme Court’s opinion in
 
 Rose
 
 v. Rose,
 
 [33]
 
 when a family law statute comes into conflict with a federal statute, the state law will be preempted if Congress has “ ‘ “positively required by direct enactment” ’ ” that preemption is necessary. The
 
 Rose
 
 Court also explained that before a court may consider that federal law as overriding a state family law, the state law “ ‘must do “major damage” to “clear and substantial” federal interests.’ ’ ’
 
 [34]
 
 The Supreme Court has also recognized that “ ‘[t]he purpose of Congress is the ultimate touchstone’ in every pre-emption case.’ ’
 
 [35]
 

 
 *795
 
 We previously recognized the federal exemption’s preemptive effect in
 
 Boulter
 
 v.
 
 Boulter,
 
 a case involving property division between spouses.
 
 [36]
 
 In
 
 Boulter,
 
 the district court dissolved the parties’ thirty-seven-year marriage and incorporated a property settlement agreement into the divorce decree. Under the agreement, the parties agreed to pool and divide equally the social security benefits accrued by the husband during the marriage.
 
 [37]
 
 When the husband reached retirement, he refused to apply for social security benefits, and the wife moved to enforce the agreement. The district court granted the wife’s motion, and the husband appealed.
 

 On appeal, we concluded that the state court lacked authority to enforce the marital settlement agreement’s provision dividing social security benefits. In resolving the issue, we observed that 42 U.S.C. § 407’s exemption applied to the social security benefits and concluded that this provision preempted the decree. Accordingly, the district court was without authority to take any action regarding the parties’ social security benefits.
 
 [38]
 

 As with the social security benefits in
 
 Boulter,
 
 the federal exemption for SSI benefits also preempts Nevada law. The purpose of SSI is to provide a recipient with a minimum income for his or her own needs. Thus, using SSI benefits to satisfy a child support obligation would do “ ‘major damage’ to a clear and substantial federal interest.”
 
 [39]
 
 Our conclusion is supported by the law from other jurisdictions as well. A majority of states have expressly exempted SSI benefits from income considerations under child support statutes.
 
 [40]
 
 Other states, through case law, have held that § 407(a)
 
 *796
 
 prohibits state courts from ordering child support to come from SSI benefits.
 
 [41]
 

 SSD benefits
 

 In spite of the federal exemption, Congress has consented to income withholding, garnishment, and similar proceedings for child and spousal support enforcement from federal moneys payable based on “remuneration for employment.”
 
 [42]
 
 Under this exception, because the SSD program is funded from “remuneration for employment,’ ’ legal process permits enforcement of child support obligations through execution against SSD benefits.
 
 [43]
 
 Thus, as SSD benefits may be used to satisfy a child support order, these benefits may be included in a parent’s gross income for child support considerations.
 
 [44]
 

 In the present case, the district court did not make specific findings of fact regarding the amount Amy receives under each benefit, nor did the court discuss Robert’s financial circumstances, although the district court did direct Amy to obtain dependency benefits for the child. Accordingly, the district court abused its discretion when it declined to consider Amy’s child support obligation.
 

 
 *797
 

 The child custody order
 

 Finally, Robert appeals from the district court order concerning child custody. Matters of custody, including visitation, rest in the district court’s sound discretion.
 
 [45]
 
 This court will not disturb the district court’s judgment concerning child custody absent a clear abuse of discretion.
 
 [46]
 
 A two-prong test has been applied in addressing modifications to child custody arrangements.
 
 [47]
 
 A change of primary physical custody is warranted only when: “(1) the circumstances of the parents have been materially altered; and (2) the child’s welfare would be substantially enhanced by the change.”
 
 [48]
 

 Here, the district court’s order did not include the court’s reasoning for denying Robert’s motion to change custody. Even so, the parties have had a strained relationship regarding the care of their child since the divorce was entered in 1998. The record does not reveal that any significant change has occurred since the 1999 child custody stipulation was entered. Accordingly, the district court did not abuse its discretion when it denied Robert’s motion to change custody.
 

 CONCLUSION
 

 We conclude that SSI and SSD come within the definition of “gross monthly income” under the child support statute, and only SSI is preempted by federal law from child support consideration. Thus, the district court erred in failing to examine Amy’s SSD benefits when reviewing Robert’s motion for child support. We therefore reverse that portion of the district court order that declined to order Amy to pay child support, and we remand this matter to the district court for further proceedings. With respect to the order concerning child custody, we conclude that the district court did not abuse its discretion when it denied Robert’s motion to modify the child custody arrangement. Accordingly, we affirm that order.
 

 [1]
 

 NRS 125B.020(1).
 

 [2]
 

 NRS 125B.070(l)(a).
 

 [3]
 

 Rose
 
 v.
 
 Rose,
 
 481 U.S. 619 (1987);
 
 see also Davidson
 
 v.
 
 Velsicol Chemical,
 
 108 Nev. 591, 594, 834 P.2d 931, 932 (1992) (recognizing that federal law may preempt state law when Congress expressly provides for preemption).
 

 [4]
 

 654 N.E.2d 275, 277 (Ind. Ct. App. 1995).
 

 [5]
 

 42 U.S.C. § 1381 (2000).
 

 [6]
 

 20 C.F.R. § 416.905(a) (2004) (defining disability for adu1lts).
 

 [7]
 

 Id.
 
 § 416.1205(c).
 

 [8]
 

 Burns v. Edwards,
 
 842 A.2d 186, 190 (N.J. Super. Ct. App. Div. 2004).
 

 [9]
 

 Id.
 
 at 191.
 

 [10]
 

 See Davis v. Office of Child Support Enforcement,
 
 20 S.W.3d 273, 277 (Ark. 2000).
 

 [11]
 

 See
 
 42 U.S.C. § 405 (2000);
 
 see also
 
 Angela F. Epps,
 
 To Pay or Not To Pay, That Is the Question: Should SSI Recipients Be Exempt from Child Support Obligations?,
 
 34 Rutgers L.J. 63, 64 (2002).
 

 [12]
 

 42 U.S.C. § 405.
 

 [13]
 

 See
 
 20 C.F.R. § 404.315(a).
 

 [14]
 

 See Lightel v. Myers,
 
 791 So. 2d 955, 959 (Ala. Civ. App. 2000).
 

 [15]
 

 General Motors
 
 v.
 
 Jackson,
 
 111 Nev. 1026, 1029, 900 R2d 345, 348 (1995).
 

 [16]
 

 State, Dep’t Human Res. v. Estate of Ullmer,
 
 120 Nev. 108, 113, 87 P.3d 1045, 1049 (2004).
 

 [17]
 

 County of Clark v. Upchurch,
 
 114 Nev. 749, 753 , 961 P.2d 754, 757 (1998);
 
 Cleghorn v. Hess,
 
 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993);
 
 McKay
 
 v.
 
 Bd. of Supervisors,
 
 102 Nev. 644, 649, 730 P.2d 438, 442 (1986).
 

 [18]
 

 McKay,
 
 102 Nev. at 650-51, 730 P.2d at 443.
 

 [19]
 

 State, Dep’t Mtr. Vehicles v. Vezeris,
 
 102 Nev. 232, 236, 720 P.2d 1208, 1211 (1986) (quotation marks omitted).
 

 [20]
 

 Edgington v. Edgington,
 
 119 Nev. 577, 583, 80 P.3d 1282, 1287 (2003).
 

 [21]
 

 Paramount Ins. v. Rayson & Smitley,
 
 86 Nev. 644, 649, 472 P.2d 530, 533 (1970) (quoting
 
 Torreyson v. Board of Examiners,
 
 7 Nev. 19, 22 (1871)).
 

 [22]
 

 Colello v. Administrator, Real Est. Div.,
 
 100 Nev. 344, 347, 683 P.2d 15, 17 (1984).
 

 [23]
 

 Camino Et Al. v. Lewis,
 
 52 Nev. 202, 210, 284 P. 766, 768 (1930) (Coleman, J., concurring).
 

 [24]
 

 110 Nev. 1370, 1373, 887 P.2d 269, 271 (1994).
 

 [25]
 

 Id.
 
 (emphasis added).
 

 [26]
 

 Id.
 

 [27]
 

 2001 Nev. Stat., ch. 386, § 1, at 1865.
 

 [28]
 

 Hearing on A.B. 37 Before the Assembly Comm, on Judiciary, 71st Leg. (February 15, 2001).
 

 [29]
 

 See
 
 NRS 125.460(2).
 

 [30]
 

 42 U.S.C. § 407(a) (2000).
 

 [31]
 

 Id.
 
 § 659(a).
 

 [32]
 

 Davis,
 
 20 S.W.3d at 276-77.
 

 [33]
 

 481 U.S. 619 , 625 (1987) (quoting
 
 Hisquierdo v. Hisquierdo,
 
 439 U.S. 572, 581 (1979),
 
 superseded in part by
 
 45 U.S.C. § 231m (1986) (quoting
 
 Wetmore
 
 v.
 
 Markoe,
 
 196 U.S. 68, 77 (1904))).
 

 [34]
 

 Id. (quoting
 
 Hisquierdo,
 
 439 U.S. at 581 (quoting
 
 United States
 
 v.
 
 Yazell,
 
 382 U.S. 341, 352 (1966))).
 

 [35]
 

 Medtronic, Inc. v. Lohr,
 
 518 U.S. 470, 485 (1996) (quoting
 
 Retail Clerks v. Schermerhorn,
 
 375 U.S. 96, 103 (1963)).
 

 [36]
 

 113 Nev. 74, 930 P.2d 112 (1997).
 

 [37]
 

 Id.
 
 at 75 & n.1, 930 P.2d at 112 & n.1.
 

 [38]
 

 Id.
 
 at 76-78, 930 P.2d at 113-14.
 

 [39]
 

 Davis,
 
 20 S.W.3d at 277;
 
 see also Tennessee DHS ex rel. Young v. Young,
 
 802 S.W.2d 594, 597-99 (Tenn. 1990).
 

 [40]
 

 See
 
 Cal. Fam. Code § 4058(c) (West 2004) (excluding from annual gross income, funds derived from any public assistance program); Colo. Rev. Stat. § 14-10-115(7)(a)(I)(B) (2004) (providing that “ ‘[g]ross income’ does not include benefits received from means-tested public assistance programs”); Me. Rev. Stat. Ann. tit. 19-A, § 2001(5)(G) (West 1998) (providing that “[g]ross income does not include that amount of money received from means-tested public assistance programs, including, . . . supplemental security income”); Md. Code Ann., Fam. Law § 12-201(5) (Supp. 2004) (same); N.M. Stat. Ann. § 40-4-11.1(C)(2)(a) (Michie 1999) (providing that “‘gross income’ shall not include benefits received from means-tested public assistance programs”); Ohio Rev. Code Ann. § 3119.01(C)(7)(a) (Anderson Supp. 2003) (providing that gross income does not include supplemental security income); Utah Code Ann. § 78-45-7.5(3)(b) (2002) (providing that benefits received from supplemental security income are excluded from gross income); Wash. Rev. Code Ann. § 26-19-071(4)(e) (West 2004) (same); W. Va. Code Ann. § 48-l-228(9)(d)(3) (Michie 2004) (same); Wyo. Stat. Ann. § 20-2-303(a)(ii) (Michie 2003) (providing that means-tested income sources, such as supplemental security income, are not considered income).
 

 [41]
 

 See Davis,
 
 20 S.W.3d at 276;
 
 Becker County Human Services
 
 v.
 
 Peppel,
 
 493 N.W.2d 573, 576 (Minn. Ct. App. 1992);
 
 Young,
 
 802 S.W.2d at 597-99.
 

 [42]
 

 42 U.S.C. § 659(a) provides:
 

 Consent by the United States to income withholding, garnishment, and similar proceedings for enforcement of child support and alimony obligations
 

 (a) Consent to support enforcement
 

 Notwithstanding any other provision of law (including section 407 of this title and section 5301 of Title 38), effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the Armed Forces of the United States, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to withholding in accordance with State law enacted pursuant to subsections (a)(1) and (b) of section 666 of this title and regulations of the Secretary under such subsections, and to any other legal process brought, by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support or alimony.
 

 [43]
 

 Id.
 

 [44]
 

 See Burns,
 
 842 A.2d at 192 (observing that while SSI benefits are exempt from income for child support calculations, SSD may be utilized as income when calculating a parent’s child support obligation).
 

 [45]
 

 Wallace v. Wallace,
 
 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996).
 

 [46]
 

 Sims v. Sims,
 
 109 Nev. 1146, 1148, 865 P.2d 328, 330 (1993);
 
 see also
 
 NRS 125.480(1) (providing that the sole consideration in awarding custody of a child is the best interest of the child).
 

 [47]
 

 Murphy v. Murphy,
 
 84 Nev. 710, 447 P.2d 664 (1968).
 

 [48]
 

 id.
 
 at 711, 447 P.2d at 665.