An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOE PANICARO,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
JANET J. BERRY, DISTRICT JUDGE,
Respondents,
and
AMERICAN LEGAL SERVICES;
MARTIN CROWLEY, ESQ.; AND SADIQ
PATANKAR,
Real Parties in Interest.

No. 62453

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus challenges a district court order denying a special motion to dismiss under Nevada's anti-SLAPP statute.

Petitioner alleges that real parties in interest filed the underlying district court complaint against him as retaliation for and/or in an attempt to prevent him from filing complaints with the State Bar of Nevada and from encouraging other people to file such complaints. Real parties in interest's complaint pleaded claims for tortious interference with a contract, defamation, monies due and owing, and malice. Petitioner filed a special motion to dismiss the complaint under NRS 41.660. The district court denied the motion, finding that the statements that formed the basis of real parties in interest's defamation claim were not statements made to the State Bar of Nevada, and thus, the defamation claim was not based on good faith communications in furtherance of

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30595

petitioner's right to petition. Petitioner thereafter filed this petition for writ relief ten months later.

As an initial matte, this court must address whether petitioner's writ petition is procedurally proper. The Nevada Legislature amended the anti-SLAPP statutes in October 2013, providing for a direct appeal from a district court order denying a special motion to dismiss. *See* NRS 41.670(4). The anti-SLAPP statutes previously referred to an appeal, and the Legislature's amendments to Nevada's anti-SLAPP statutes appear to clarify the statute. *See In re Estate of Thomas*, 116 Nev. 492, 495, 998 P.2d 560, 562 (2000) (explaining "that '[w]here a former statute is amended, or a doubtful interpretation of a former statute rendered certain by subsequent legislation, it has been held that such amendment is persuasive evidence of what the Legislature intended by the first statute'" (quoting *Sheriff, Washoe Cnty. v. Smith,* 91 Nev. 729, 734, 542 P.2d 440, 443 (1975))); *see also Pub. Emps. Benefits Program v. Las Vegas Metro. Police Dep't*, 124 Nev. 138, 157, 179 P.3d 542, 554-55 (2008) (stating that "when a statute's doubtful interpretation is made clear through subsequent legislation, we may consider the subsequent legislation persuasive evidence of what the Legislature originally intended" (internal quotation marks omitted)); *Metz v. Metz*, 120 Nev. 786, 792, 101 P.3d 779, 783-84 (2004) (noting that the Legislature's change to a statute demonstrates legislative intent).

Petitioner's writ petition challenging the denial of his special motion to dismiss is therefore procedurally improper, as the order was independently appealable. *See* NRS 34.170; NRS 34.330; *Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 224-25, 88 P.3d 840, 841 (2004) (holding that writ relief is not available where the petitioner has a plain,

speedy, and adequate remedy in the form of an appeal and writ relief is not available to correct an untimely notice of appeal). Further, petitioner's ten-month delay in filing his petition prevents this court from treating his petition as an appeal of the challenged order. *See* NRAP 4(a)(1). Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Janet J. Berry, District Judge
       Joe Panicaro
       Martin G. Crowley
       Washoe District Court Clerk

---

[1]The clerk of this court shall file the documents that petitioner submitted to this court and that were provisionally received in this court between April 1, 2013, and January 24, 2014, and in light of this order, we deny all pending requests for relief as moot.