# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-1340

_____

In re: Stephanie Georgean Dittmaier

*Debtor*

------------------------------

Stephanie Georgean Dittmaier

*Appellant*

v.

David A. Sosne

*Appellee*

Office of *U.S. Trustee*

*U.S. Trustee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 24, 2015
Filed: November 17, 2015

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Stephanie Dittmaier (Dittmaier) received an income tax refund for her 2012 federal and state income taxes (2012 income tax refund), including an earned income tax credit (EIC), approximately five hours prior to filing for bankruptcy. The trustee of the bankruptcy estate filed a motion to compel Dittmaier to turn over the 2012 income tax refund. The bankruptcy court exempted some of Dittmaier's 2012 income tax refund, but denied her claimed exemption of the EIC under Mo. Rev. Stat. § 513.430.1(10)(a). The bankruptcy court required Dittmaier to turn over the unexempt portion of the 2012 income tax refund in the amount of $4,968.03. Dittmaier appealed and the district court[1] affirmed. We affirm.

## I. BACKGROUND

At approximately 3:35 p.m. on February 12, 2013, Dittmaier received the 2012 income tax refund. Dittmaier's 2012 income tax refund included an EIC. Approximately five hours later, Dittmaier filed for relief under the United States Bankruptcy Code.

The bankruptcy court appointed David Sosne (Trustee) as trustee for the bankruptcy estate. On January 21, 2014, Trustee filed a motion to compel Dittmaier to turn over the 2012 income tax refund. In response, Dittmaier amended her bankruptcy schedules, including a modification to Schedule C asserting an exemption of the EIC pursuant to Mo. Rev. Stat. § 513.430.1(10)(a). On February 27, 2014, the bankruptcy court issued an order exempting some of Dittmaier's 2012 income tax refund, but denying Dittmaier's claimed exemption of the EIC. The order required Dittmaier to turn over $4,968.03 to Trustee.

---

[1]The Honorable Carol E. Jackson, United States District Court for the Eastern District of Missouri.

Dittmaier filed a motion to reconsider, which was denied. Dittmaier appealed to the United States District Court for the Eastern District of Missouri. The district court affirmed, holding section 513.430.1(10)(a) did not exempt Dittmaier's EIC because she received the EIC prior to filing for relief in bankruptcy court. Dittmaier filed a timely appeal.

## II.  DISCUSSION

The sole issue presented in this case is one of statutory interpretation: Whether a "public assistance benefit," here an EIC,[2] is exempt from the bankruptcy estate pursuant to Mo. Rev. Stat. § 513.430.1(10)(a) when the "public assistance benefit" is received by the debtor prior to filing for relief in bankruptcy court. We review the bankruptcy court's legal conclusions, including interpretations of state law, de novo. JPMorgan Chase Bank, N.A. v. Johnson, 719 F.3d 1010, 1014 & n.2 (8th Cir. 2013). As the Missouri Supreme Court has not interpreted the application of section 513.430.1(10)(a), "we must attempt to predict what [the Missouri Supreme Court] would decide if faced with the issue." In re Bargfrede, 117 F.3d 1078, 1080 (8th Cir. 1997) (per curiam). In so doing, we consider "relevant state precedent, analogous decisions, considered dicta, . . . and any other reliable data." Id. (alteration in original) (quoting Ventura v. Titan Sports, Inc., 65 F.3d 725, 729 (8th Cir. 1995)).

Further, we apply Missouri's rules of statutory construction when interpreting Missouri statutes. See, e.g., In re Hardy, 787 F.3d 1189, 1192 (8th Cir. 2015). In Missouri, "[t]he seminal rule of statutory construction is to ascertain the intent of the legislature from the language used and to consider the words used in their plain and ordinary meaning." Mo. Beverage Co. v. Shelton Bros., 669 F.3d 873, 877 (8th Cir.

---

[2]For the purpose of this appeal, the parties agree an EIC is a "public assistance benefit" under Missouri law.

2012) (alteration in original) (quoting St. Louis Cnty. v. Prestige Travel, Inc., 344 S.W.3d 708, 713-14 (Mo. 2011) (en banc)).

Section 513.430.1(10)(a) provides, as relevant here: "The following property shall be exempt from attachment and execution to the extent of any person's interest therein: . . . (10) Such person's right to receive . . . A Social Security benefit, unemployment compensation or a public assistance benefit." (Emphasis added). In dispute is whether a "right to receive . . . a public assistance benefit" extinguishes when the benefit is received by the debtor prior to filing for relief in bankruptcy court.

The Missouri Court of Appeals interpreted an earlier version of section 513.430.1(10)(a), concluding a "right to receive" funds does not include funds already received by a debtor because funds already received "are [the debtor's] personal property and are no longer exempt from execution." Fraser v. Deppe, 770 S.W.2d 479, 479 (Mo. Ct. App. 1989) (per curiam) (citing Owens v. Owens, 591 S.W.2d 57, 58 (Mo. Ct. App. 1979)).[3]  Under the Missouri Court of Appeals'

---

[3]Dittmaier cites Hatfield v. Cristopher, 841 S.W.2d 761, 767 (Mo. Ct. App. 1992) for the proposition that "Missouri Courts have interpreted a 'right to receive' to mean the right to use."  To the contrary, Hatfield specifically distinguished the phrase "right to receive" in Mo. Rev. Stat. § 513.430.1(10)(a) and "none of the moneys paid" in 42 U.S.C. § 407(a), concluding the latter "clearly exempts more than just the right to receive social security benefits." Id.  For that reason, the Missouri Court of Appeals reaffirmed that federal law preempted section 513.430.1(10)(a) with respect to social security benefits. Id.

Dittmaier further argues the Missouri Court of Appeals' interpretation of the phrase "right to receive" is preempted by Mo. Sup. Ct. R. 90.07 and a form published by the Missouri Supreme Court.  Rule 90.07 states a garnishor must file written interrogatories indicating whether funds already deposited could "[r]easonably [be] identified as . . . exempt from garnishment pursuant to" section 513.430.1(10). (Emphasis added).  Rule 90.07 does not interpret section 513.430.1(10) but, instead, requires garnishors to "identify" funds that may be exempt.  Further, to the extent

interpretation of a "right to receive," the exemption of "public assistance benefit[s]" under section 513.430.1(10)(a) terminates when monies are obtained prior to filing the bankruptcy petition because the funds become the personal property of the debtor. See id. The Missouri Court of Appeals' interpretation is in agreement with federal law and has been consistently applied by bankruptcy courts in Missouri. See, e.g., In re McCollum, 287 B.R. 750, 753 (Bankr. E.D. Mo. 2002) ("The 'right to receive' a benefit has been deemed to have been extinguished when payments or benefits have already been received by a debtor before the bankruptcy case was commenced."); In re McGoy, 86 B.R. 174, 176 (Bankr. E.D. Mo. 1988) ("As a matter of law, the 'right to receive' terminates upon receipt.").

Further, the construction of Mo. Rev. Stat. § 513.430.1 shows the Missouri legislature uses particular language when intending to exempt funds received by a debtor prior to filing for relief in bankruptcy court. In paragraph 11 of the same statute, the Missouri legislature provides:

> The following property shall be exempt from attachment and execution to the extent of any person's interest therein: . . . [t]he debtor's right to receive, or property that is traceable to, a payment on account of the wrongful death of an individual of whom the debtor was a dependent.

Mo. Rev. Stat. § 513.430.1(11) (emphasis added). Under Missouri principles of statutory construction,[4] we must presume the Missouri legislature acted intentionally

Rule 90.07 could be interpreted as contrary to the Missouri Court of Appeals' interpretation of "right to receive," the Missouri Constitution expressly prohibits Missouri Supreme Court rules from "chang[ing] substantive rights" under laws passed by the Missouri legislature. Mo. Const. Art. V § 5.

[4]Dittmaier argues the statutory construction doctrines of *noscitur a sociis* and *ejusdem generis* show the Missouri legislature intended to exempt public assistance benefits received prior to the bankruptcy filing because both social security benefits and unemployment compensation—which are listed in section

-5-

when it included the language "property that is traceable to" in one portion of the statute and omitted the language from another. See, e.g., Jantz v. Brewer, 30 S.W.3d 915, 918 (Mo. Ct. App. 2000) ("[T]he legislature is presumed . . . to act intentionally when it includes language in one section of a statute but omits it from another.").

Thus, we determine in this case that the language of Mo. Rev. Stat. § 513.430.1(10)(a) does not exempt "public assistance benefit[s]" received by the debtor prior to filing for relief in bankruptcy court. The parties do not dispute that Dittmaier received the EIC prior to filing for bankruptcy. Accordingly, the district court correctly affirmed the bankruptcy court's conclusion that Dittmaier's EIC funds here were not exempt from the bankruptcy estate. We AFFIRM.

————————————————

513.430.1(10)(a)—received prior to the bankruptcy filing are exempted by other statutes. Dittmaier's argument is unpersuasive because section 513.430.1(10)(a) treats social security, unemployment, and public assistance benefits the same—meaning the statute only protects the "right to receive" the funds. In fact, prior to the Missouri Court of Appeals' acknowledgment that the federal Social Security Act exempted social security benefits received prior to the bankruptcy filing, the Missouri Court of Appeals held such funds were not exempt under Missouri law. Fraser v. Deppe, 770 S.W.2d 479, 479 (Mo. Ct. App. 1989); see also Collins, Webster & Rouse v. Coleman, 776 S.W.2d 930, 931-32 (Mo. Ct. App. 1989) (holding social security benefits received prior to the bankruptcy filing were exempted under 42 U.S.C. § 407(a)). Thus, the fact that social security and unemployment benefits are listed with public assistance benefits does not show a legislative intent to exempt public assistance benefits received prior to filing for relief in bankruptcy court.