12-110-cv
Sykes v. Bank of America

**UNITED STATES COURT OF APPEALS**
FOR THE SECOND CIRCUIT
_____

August Term, 2012

(Submitted: February 15, 2013                    Decided: July 24, 2013)

Docket No. 12-110-cv
_____

DERRY SYKES,

*Plaintiff-Appellant*,

*-v.-*

BANK OF AMERICA, NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, OFFICE OF CHILD
SUPPORT ENFORCEMENT,

*Defendants-Appellees*,

STATE OF NEW YORK, NEW YORK STATE CHILD SUPPORT PROCESSING CENTER,

*Defendants*.
_____

Before:
                    SACK, HALL, and LIVINGSTON, *Circuit Judges.*
_____

This appeal presents the issue of whether 42 U.S.C. § 659(a) authorizes levy against

Supplemental Security Income ("SSI") benefits provided under the Social Security Act to satisfy

the benefits recipient's child support obligations.  We conclude that SSI benefits are not based

upon remuneration for employment within the meaning of § 659(a), and that the section

therefore does not preclude Sykes's claim.  We also hold that the *Rooker-Feldman* doctrine and

the exception to federal jurisdiction for divorce matters do not preclude the district court from

exercising jurisdiction over the matter.  We therefore VACATE that portion of the judgment that

1

dismissed Sykes's claims against the Office of Child Support Enforcement and the New York City Human Resources Administration and REMAND for further proceedings.  Because Sykes's complaint has not alleged facts establishing that defendant Bank of America is a state actor for purposes of 42 U.S.C. § 1983, we conclude that the district court properly dismissed Sykes's claims against Bank of America and thus AFFIRM that portion from the judgment.  The balance of the judgment not subject to this appeal is also AFFIRMED.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

_____

Derry Sykes, *pro se*, Binghamton, New York.

David L. Tillem, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, New York, *for Defendant-Appellee Bank of America.*

_____

PER CURIAM:

This appeal presents the issue of whether 42 U.S.C. § 659(a) authorizes levy against Supplemental Security Income ("SSI") benefits provided under the Social Security Act to satisfy the benefits recipient's child support obligations.  Plaintiff-Appellant Derry Sykes, a recipient of SSI benefits, appeals from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*) *sua sponte* dismissing Sykes's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]  Sykes sought an Order to Show Cause, a temporary restraining order, and a preliminary injunction enjoining the New York City Office of Child Support Enforcement ("OCSE"), New York City Human Resources Administration ("HRA") (collectively, the "agency defendants"), and Bank of America from levying against his SSI

---

[1] Sykes initially filed a complaint in the United States District Court for the Middle District of Florida.  The District Court for the Middle District of Florida transferred the case to the District Court for the Northern District of New York.  Sykes amended his complaint, and the District Court for the Northern District of New York transferred the case to the District Court for the Southern District of New York.  *See* Order of Dismissal at *1 n.1, *Sykes v. N.Y.C. Human Resources Admin.*, 11 Civ. 7459 (S.D.N.Y. Nov. 17, 2011).

benefits to enforce a child support order entered by a New York court. The amended complaint asserted claims under 42 U.S.C. § 1983, alleging violations of Sykes's due process and equal protection rights under the Fourteenth Amendment, his right to be free from unlawful seizures under the Fourth Amendment, and his rights under the Eighth Amendment and the Fair Debt Collection Practices Act.

The district court concluded that SSI benefits are subject to levy, relying on, *inter alia*, 42 U.S.C. § 659(a), which subjects certain government benefits to withholding to satisfy outstanding child support obligations, provided "the entitlement to [those benefits] is based upon remuneration for employment." We conclude that SSI benefits are not based upon remuneration for employment within the meaning of § 659(a), and that the section therefore does not preclude Sykes's claim. We also hold that the *Rooker-Feldman* doctrine and the exception to federal jurisdiction for divorce matters do not preclude the district court from exercising jurisdiction over the matter. We therefore VACATE the judgment to the extent the district court dismissed Sykes's claims against the agency defendants and REMAND for further proceedings. Because Sykes's complaint has not alleged facts establishing that defendant Bank of America is a state actor for purposes of § 1983, we AFFIRM that portion of the judgment dismissing Sykes's claims against Bank of America.

**BACKGROUND**

By letter dated June 24, 2011, Sykes received notice from the New York State Child Support Processing Center that monies belonging to him had been restrained in order to satisfy outstanding child support obligations. Enclosed with the letter was a copy of a restraining notice issued by OCSE. Pursuant to N.Y. C.P.L.R. § 5222, the notice informed Bank of America that Sykes owed a total child support debt of $27,590.

3

Sykes, acting *pro se*, sought leave to proceed *in forma pauperis* and filed an amended complaint against OCSE, HRA, and Bank of America, seeking relief under 42 U.S.C. § 1983 and alleging that, by placing an unlawful restraining order on his SSI direct deposit account at Bank of America, OCSE had violated 42 U.S.C. §§ 407 and 659 and the Fair Debt Collection Practices Act, deprived him of due process of law and equal protection, and violated his rights under the Eighth Amendment by rendering Sykes, a cancer survivor, unable to afford the nutrition he needed. The amended complaint further alleged that Bank of America had denied him his constitutional and statutory rights by "allowing the placing of an unlawful Restraining Order for a Judgment of Debt on [his] SSI direct deposit accounts," Am. Compl. ¶ 5, ECF No. 13, despite the fact it "fully knew that [SSI] monies and accounts[,] unlike Social Security Disability (SSD)[, are] immune from garnishment," *id.* at ¶ 6. Sykes sought both compensatory and punitive damages.

In November 2011, the district court *sua sponte* dismissed Sykes's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The court held that SSI benefits were subject to withholding in accordance with State law to satisfy the obligation of an SSI recipient to provide child support or alimony. The court relied primarily on 42 U.S.C. § 659(a), which subjects certain social security benefits to withholding "to enforce the legal obligation of the [recipient] to provide child support." As to Sykes's claims against Bank of America, the court held that he had not established that Bank of America was acting under color of state law for purposes of § 1983.

Moreover, according to the court, even if Sykes had established that his SSI benefits were not subject to levy to satisfy an outstanding child support obligation, any challenge to a state court child support order had to be dismissed pursuant to the "domestic relations exception to federal court jurisdiction," *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), and the

4

*Rooker-Feldman* doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), divesting federal courts of jurisdiction to consider suits which seek to overturn a state court judgment. The district court also determined that Sykes had failed to allege a claim under the Fair Debt Collection Practices Act, because child support obligations did not qualify as "debts" under that statute. The court reasoned that child support obligations were not incurred to receive consumer goods or services but were imposed on parents to force them to fulfill their duty to support their children.

After filing his notice of appeal, Sykes moved for *in forma pauperis* status before this Court. A motions panel of this Court granted the motion in part with respect to Sykes's § 1983 claim that Defendants had violated 42 U.S.C. § 407(a) by levying against his SSI benefits to enforce a child support order. The Court denied the motion as to Sykes's claims under the Equal Protection Clause, the Eighth Amendment, and the Fair Debt Collection Practices Act, and dismissed his appeal as to those claims on the ground that they lacked an arguable basis in law or fact. *See* 28 U.S.C. § 1915(e). Remaining before us is Sykes's claim that Defendants violated 42 U.S.C. § 407(a) by levying against his SSI benefits.

**DISCUSSION**

This Court reviews *de novo* a district court's *sua sponte* dismissal of a complaint for failure to state a claim. *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). *Pro se* complaints "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A

We initially address the district court's holding that it lacked jurisdiction to consider Sykes's complaint based on the *Rooker-Feldman*[2] doctrine and the domestic relations exception to federal jurisdiction. To the extent the court relied on *Rooker-Feldman* in dismissing the amended complaint, this was error. The doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. Sykes does not complain of injuries caused by a state court judgment, nor does he challenge the validity or enforcement of the child support order itself. *See id.* Rather, he challenges only Defendants' levying against his SSI assets in his bank account in order to enforce the child support order— conduct which is wholly separate from the validity of the underlying order. Sykes's complaint does not fall within the scope of the doctrine.

The district court also erred in holding that the domestic relations exception to federal jurisdiction barred Sykes's suit. Federal courts have long abstained from exercising jurisdiction over matters involving divorce or alimony. *See Ankenbrandt v. Richards*, 504 U.S. 689, 693 (1992). The Supreme Court in *Ankenbrandt* clarified this doctrine, and limited its scope to "divest[] the federal courts of power to issue divorce, alimony, and child custody decrees." *Id.* at 703. The Court specifically noted that despite this doctrine, it had long "sanctioned the exercise of federal jurisdiction over the *enforcement* of an alimony decree that had been properly obtained in a state court of competent jurisdiction." *Id.* at 702 (citing *Barber v. Barber*, 62 U.S. (21

---

[2] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

How.) 582, 590-91 (1858)). Sykes does not ask us to issue a new child support decree in this case. Instead, we are tasked only with determining the lawfulness of Defendants' actions, pursuant to a state court's child support order, requiring Sykes to pay portions of his SSI benefits toward his child support arrearage. The domestic relations exception, therefore, does not bar our jurisdiction to decide this issue.

We therefore conclude that the district court did not lack subject matter jurisdiction to consider Sykes's claims.

B

Sykes asserts that Defendants' levy on his account, which he maintains contains only his SSI funds, violates 42 U.S.C. § 407(a). Section 407(a) provides that "none of the moneys paid or payable or rights existing under [subchapter II of the Social Security Act] shall be subject to execution, levy, attachment, garnishment, or other legal process." *Id.* In 1974, Congress amended the Social Security Act to create the SSI program, which was intended to assist those who could not work because of age, blindness, or disability. *See Schweiker v. Wilson*, 450 U.S. 221, 223 (1981). The program, part of subchapter XVI of the Social Security Act and codified at 42 U.S.C. §§ 1381-1383f, largely replaced the prior system of federal grants to state-run assistance programs. *See Schweiker*, 450 U.S. at 223 n.1. In so doing, Congress made § 407 applicable to SSI benefits "to the same extent as [that provision applies] to subchapter II." 42 U.S.C. § 1383(d).

In 1975, as part of the Child Support Enforcement Act of 1975, Congress adopted 42 U.S.C. § 659(a), which provides:

> Notwithstanding any other provision of law (including [42 U.S.C. § 407] . . .), . . . moneys (*the entitlement to which is based upon remuneration for employment*) due from, or payable by, the United States . . . to any individual . . . shall be subject, in like manner and to the same extent as if the United States . . .

7

were a private person, . . . to any . . . legal process brought[] by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support or alimony.

*Id.* (emphasis added). Section 659(h) provides a list of benefits and compensation which are "considered to be based upon remuneration for employment, for purposes of this section." 42 U.S.C. § 659(h)(1). Compensation received "under the insurance system established by subchapter II," which includes disability insurance benefits under the Social Security Act, is considered to be compensation that is "based upon remuneration for employment." *See* 42 U.S.C. § 659(h)(1)(A)(ii)(I). SSI benefits, which are established under subchapter XVI, are not mentioned in § 659(h).

Sykes argues on appeal that the district court erred in holding under § 659(a) that SSI benefits may be levied against to enforce child support obligations. We note at the outset that numerous courts have held that, because SSI payments are a form of public assistance unrelated to the recipient's earnings or employment, they are not subject to legal process under § 659(a). *See, e.g., Davis v. Office of Child Support Enforcement*, 20 S.W.3d 273, 277-78 (Ark. 2000); *Dep't of Public Aid ex rel. Lozada v. Rivera*, 755 N.E.2d 548, 551 (Ill. App. Ct. 2001); *Becker Cnty. Human Servs. v. Peppel*, 493 N.W.2d 573, 576 (Minn. Ct. App. 1992); *Barnes v. Dep't of Human Servs.*, 42 So.3d 10, 17 (Miss. 2010); *Metz v. Metz*, 101 P.3d 779, 785 (Nev. 2004); *Burns v. Edwards*, 842 A.2d 186, 192 (N.J. Super. Ct. App. Div. 2004); *Tenn. Dep't of Human Servs. ex rel. Young v. Young*, 802 S.W.2d 594, 597 (Tenn. 1990). *Cf. Commonwealth v. Ivy*, 353 S.W.3d 324, 340 (Ky. 2011) (concluding that the applicability of § 407(a) must be addressed "case-by-case" such that § 407(a) will not bar restraint of a recipient's SSI benefits where the recipient's "ability [to provide support for his or her child] is clearly established by evidence of

8

non-SSI income, of earning capacity, or of SSI income in excess of the recipient's reasonable subsistence needs").

Construing § 659(a), we now join the majority of courts which have addressed the issue. We hold that SSI benefits are not attachable pursuant to the child support exception in § 659(a) because they do not constitute monies received in remuneration for employment. This result comports with the stated reason for which the SSI program was enacted—namely, "'[t]o assist those who cannot work because of age, blindness, or disability' by 'set[ting] a Federal guaranteed minimum income level for aged, blind, and disabled persons.'" *Schweiker*, 450 U.S. at 223 (internal citations omitted) (quoting S. Rep. No. 92–1230, at 4, 12 (1972)). The purpose of the SSI program is to provide assistance to those who are unable, due to disability, to earn a paycheck. Far from being "remuneration for employment," 42 U.S.C. § 659(a), SSI benefits are assistance for those who cannot shoulder employment.[3]

## C

Finally, Sykes maintains that the district court erred in dismissing his claim, brought under § 1983, that Bank of America violated the rights afforded to him by § 407(a).[4] To state a claim under 42 U.S.C. § 1983, the plaintiff must show that a defendant, acting under color of state law, deprived him of a federal constitutional or statutory right. *Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir. 1995). A private actor may be liable under § 1983 only if there is a sufficiently "'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S.

---

[3] We reach only the question of whether § 659(a) forecloses Sykes's suit. We thus leave any determination of the merits of Sykes's claim to the district court to address in the first instance.

[4] The Supreme Court has noted that "suits in federal court under § 1983 are proper to secure compliance with the provisions of the Social Security Act on the part of participating States." *Maine v. Thiboutot*, 448 U.S. 1, 4-5 (1980) (internal quotation marks omitted).

9

345, 351 (1974)). The question is whether the private actor's conduct "has sufficiently received the imprimatur of the State" so as to render it an action of the State for purposes of § 1983. *Blum v. Yaretsky*, 457 U.S. 991, 1003 (1982). Whether conduct may be fairly attributable to the State "is a matter of normative judgment, and the criteria lack rigid simplicity." *Brentwood Acad.*, 531 U.S. at 295. The inquiry is necessarily fact-specific, as "no one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient." *Id.*

We conclude that the facts as alleged in the amended complaint are not sufficient to state a claim for relief against Bank of America under § 1983. Sykes does not challenge the lawfulness of New York State's post-judgment garnishment procedures generally, *see McCahey v. L.P. Investors*, 774 F.2d 543 (2d Cir. 1985) (upholding these procedures against constitutional attack). Instead he challenges a particular use of these procedures that he alleges violates a provision of federal law. He seeks to hold Bank of America liable under § 1983 for its role in this alleged violation, which consists of its freezing Sykes's bank account in response to OCSE's restraining notice. But even reading the complaint liberally and drawing all reasonable inferences therefrom, as of course we must, *Erickson v. Pardus*, 551 U.S. 89, 94-95 (2007), we see no basis on which to find that Bank of America was acting under color of state law in restraining Sykes's account.

First, Bank of America's relationship with OCSE, as it relates to the challenged conduct, is remote. Sykes's complaint does not suggest that Bank of America's role in levying against his SSI benefits was any different from that of the traditional garnishee acting pursuant to New York State's post-judgment garnishment procedures. Bank of America, for all it appears, thus did no more than comply with the restraining notice issued by OCSE in the same way it would with a

10

notice from a private attorney on behalf of a private creditor. There is therefore no suggestion of "joint participation" or "an inseparable linking or symbiotic relationship arising from any benefits granted by the state to the[] defendant[]." *Dahlberg v. Becker*, 748 F.2d 85, 92-93 (2d Cir. 1984).

Bank of America's conduct was, moreover, purely ministerial. A garnishee has no discretion to ignore a restraining notice that is valid on its face—whether or not the notice is issued by OCSE—even if it questions the legal foundation on which the notice is based. *See* N.Y. C.P.L.R. § 5222(b) (forbidding a person served with a restraining notice from disposing of property owned by a judgment debtor or obligor). This is therefore unlike those cases in which "a private party has taken the decisive step that caused the harm to the plaintiff, and the question is whether the State was sufficiently involved to treat that decisive conduct as state action." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 192 (1988). Here, it is a state entity—OCSE—that has taken the decisive action, and the only question is whether the private party—Bank of America—acts under color of state law by its compulsory, mechanical action carrying the state entity's decision into effect.

We are mindful of judicial decisions in which a private party, despite its remoteness from any government actor, or its lack of discretion, is nevertheless deemed to have acted "under color of state law" for purposes of § 1983. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970); *Albert v. Carovano*, 824 F.2d 1333, 1341-42 (2d Cir. 1987). But the matter before us is not covered by the principles established in those so-called "state compulsion" cases. The "state compulsion" cases largely involve constitutional challenges to laws, customs, or policies adopted or enforced by private parties as a result of the state's command or encouragement. The case at bar, by contrast, alleges a discrete misuse by a state entity of its own otherwise lawful procedure,

11

and Bank of America's limited part in this challenged conduct is of a piece with its recurring, customary, and usually unproblematic compliance with the directives of generally applicable state law. *Cf. Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 940-42 (1982) (distinguishing between challenge to "private misuse of a state statute" and challenge to "the procedural scheme created by the statute"). We think the "state compulsion" theory has little force in a case like this, where the private party plainly bears no responsibility for the challenged conduct, and where a remedy against the responsible state entity is fully adequate to effectuate § 1983's remedial purposes. *Cf. Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 837-43 (9th Cir. 1999) ("[W]e do not believe that Supreme Court precedent holds that governmental compulsion in the form of a general statute, without more, is sufficient to transform every private entity that follows the statute into a governmental actor."). We therefore conclude that Bank of America did not act "under color of state law."[5]

### CONCLUSION

For the foregoing reasons, we VACATE that portion of the district court's judgment insofar as it dismissed Sykes's claims against the agency defendants, AFFIRM the balance of the district court's judgment, and REMAND for further proceedings.

---

[5] In light of this holding, we need not address Bank of America's argument that N.Y. C.P.L.R. § 5209, by its own force, discharges it from any liability for its compliance with the restraining notice.

12