12-5040-cv
Cobbs v. City of Newburgh

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
ROBIN COBBS,

     <u>Plaintiff-Appellant</u>,

     -v.-                                   No. 12-5040-cv

THE CITY OF NEWBURGH - CITY COUNCIL,
THE NEWBURGH CITY POLICE DEPARTMENT,
NEWBURGH CITY POLICE OFFICER PAUL N.
WEBER, in his official and individual
capacities, NEWBURGH CITY POLICE
OFFICER JOHN J. BUCKLEY, in his
official and individual capacities,

     <u>Defendants-Appellees</u>.[*]
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

1

**FOR PLAINTIFF-APPELLANT:**   DOUGLAS R. DOLLINGER, Goshen, NY.

**FOR DEFENDANTS-APPELLEES:**   HOLLY L. REINHARDT, Tarshis, Catania, Liberth, Mahon & Milligram, PLLC, Newburgh, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Smith, <u>Mag. J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Robin Cobbs appeals from the judgment dismissing her complaint against the City of Newburgh ("Newburgh") and Police Officers John J. Buckley and Paul N. Weber. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review <u>de novo</u> a grant of summary judgment, drawing all reasonable inferences in the non-moving party's favor. See <u>Wrobel v. Cnty. of Erie</u>, 692 F.3d 22, 27 (2d Cir. 2012). Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only "where the evidence is such that a reasonable jury could decide in the non-movant's favor." <u>Beyer v. Cnty. of Nassau</u>, 524 F.3d 160, 163 (2d Cir. 2008).

1. § 1983 Claims Against Buckley and Weber. Cobbs's § 1983 claims against Buckley and Weber fail because there is no genuine dispute as to whether they were "acting under color of state law." Sykes v. Bank of Am., 723 F.3d 399, 406 (2d Cir. 2013).

"Mere employment by a state or municipality does not automatically mean that a defendant's actions are taken under the color of state law." Kern v. City of Rochester, 93 F.3d 38, 43 (2d Cir. 1996). Actions taken by municipal employees solely in their capacity as union leaders or members are not cognizable under § 1983. See id.

Cobbs contends that Weber was acting as a police officer, rather than in his capacity as union president. However, Weber testified that: he was acting purely as a union leader; he was contacted by Buckley in that capacity; and his duties as a police officer at that time were not at City Hall. Cobbs produced no evidence to contradict this evidence and has therefore failed to present a genuine dispute as to whether Weber was acting under color of law.

Though Buckley *was* on-duty, Cobbs provides no evidence that Buckley (1) abandoned his post in order to allow the removal of Cobbs's mixed-media collage (the "picture"); or

3

(2) contacted Weber in any capacity other than as a union member. Nor is there evidence that Buckley actually did anything to deprive Cobbs of her constitutional rights. Cobbs adduces no evidence to refute Buckley's testimony that he never requested the immediate removal of Cobbs's picture.

2. § 1985 Claims. Cobbs has not established a genuine dispute regarding her § 1985(3) claims against Buckley and Weber. She provides no evidence of "racial, or . . . otherwise class-based, invidiously discriminatory animus" motivating the officers, a required "element of the cause of action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 426-27 (2d Cir. 1995). The mere fact that a person objects to a given statement, act, or depiction as "racist" does not mean that the objection is itself "racist."

3. Municipal Liability. Cobbs also fails to adduce evidence sufficient to raise a genuine dispute of material fact with respect to her municipal liability claims. Newburgh cannot be held vicariously liable under § 1983 for torts committed by an employee and Cobbs therefore cannot rely on respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Conclusory allegations in

4

Cobbs's complaint do not show any custom or pattern of invidious treatment of African Americans.

Cobbs also fails to produce evidence that Buckley or Weber (or the executive assistant who removed the picture) were policymakers with "'final authority to establish municipal policy with respect to the action ordered.'" Vives v. City of N.Y., 524 F.3d 346, 350 (2d Cir. 2008) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). Nor has Cobbs adduced evidence that final policymakers approved or otherwise acquiesced in the decision to remove Cobbs's picture. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988); Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004). In fact, the uncontroverted evidence suggests that the city manager disapproved of the decision and offered to re-hang the picture.

To the extent Cobbs bases her municipal liability claim on a failure to train, Cobbs has failed to show a resulting constitutional injury. Since the officers were not acting under color of state law, there was no "constitutional violation" that can be linked to an alleged failure to train. See Segal v. City of N.Y., 459 F.3d 207, 219 (2d

5

Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under Monell [for failure to properly train employees] was entirely correct.").

4.   Breach of Contract.  Cobbs presents no evidence of any enforceable contract and corresponding breach by Newburgh.  The signed "Waiver and Release" says nothing about how long Cobbs's pictures would be displayed or Newburgh's right to remove them, and includes an integration clause that supersedes any prior oral agreement. Regardless, the assertion of an additional oral agreement is entirely conclusory and unsupported in the record.  See Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996) ("[M]ere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment.").

We have considered all of Cobbs's remaining arguments and conclude that they are without merit.[1] The judgment of the district court is hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Magistrate Judge Smith concluded that the Title VII and § 1985(1) claims, and any claims against defendant Newburgh City Police Department, were abandoned and meritless. Cobbs does not attempt to resuscitate them on appeal. We also need not reach Newburgh's alternative arguments concerning qualified immunity and the scope of the "Waiver and Release," because summary judgment is appropriate on the grounds discussed above.