13-372-cv
*Ackerman v. Ackerman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON.
> > *Circuit Judges.*

_____

NORMAN MACTAS ACKERMAN,

     *Plaintiff-Appellant*,

        v.                                         No. 13-372-cv

JOHN HERBERT ACKERMAN

     *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**          NORMAN MACTAS ACKERMAN, *pro se*, Newburgh, NY.


**FOR DEFENDANT-APPELLEE:**         JACK S. DWECK, The Dweck Law Firm, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

In 2010, *pro se* Appellant Norman Ackerman brought a diversity action against his son, John Ackerman.[1]  Ackerman argued that, in 1991, he transferred a Manhattan brownstone building to his son with the expectation that his son would later return it to him.  His son sold the brownstone in 1996.  In his suit, Ackerman sought a constructive trust upon the brownstone or upon the proceeds from its sale.  The District Court granted defendant's motion to dismiss Ackerman's Second Amended Complaint (the "complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), as time-barred by New York's six-year statute of limitations on actions to impose a constructive trust. *Ackerman v. Ackerman*, 908 F. Supp. 2d 540 (S.D.N.Y. 2012). On appeal, Ackerman argues that the statute of limitations was tolled until either 2005 or 2010, when he allegedly first learned that his son had fraudulently induced him to transfer the brownstone.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's Rule 12(b)(6) dismissal of a complaint *de novo.  See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).  The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

We have addressed the application of this standard to *pro se* pleadings and noted that, even after *Twombly*, we remain obligated to construe *pro se* complaints liberally. *See Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009).  Thus, while *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we interpret them "to raise the strongest arguments that they suggest." *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013).

Upon such review, we find no error in the District Court's dismissal of Ackerman's complaint as time-barred.  On appeal, Ackerman argues that the statute of limitations should be tolled because of fraudulent concealment on the part of defendant, an issue he raised for the first time in the District Court in his motion for reconsideration of the District Court's order granting defendant's motion to dismiss.  "We generally will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration, though this is a prudential rather than jurisdictional rule." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012) (internal quotation marks and alterations omitted). "We are more likely to exercise our discretion to

---

[1] For sake of clarity, this order will refer to John Ackerman as the "son" or "defendant"; it will refer to Norman Ackerman as "Ackerman."

consider an issue not timely raised below when the issue is purely legal and there is no need for additional fact finding." *Id.* (internal quotation marks and alterations omitted).

Here, Ackerman's own allegations below undermine his argument that it was not until 2005 or 2010 that he learned that his son had allegedly fraudulently induced him to transfer the brownstone. His complaint alleged that he had sent his son a "Complaint form" in 1997 or 1998 demanding either the brownstone or proceeds from its sale. Appellant's App'x 138. Clearly, as early as 1997 or 1998, he had anticipated that his son might have sold the brownstone and was withholding proceeds from him. He also asserted in his complaint that "[a]t various times subsequent to May of 2004," he had requested the return of the brownstone or proceeds from its sale. *Id.* at 139. Thus, we agree with the District Court's conclusion that "it is evident from the pleadings that the plaintiff knew of and could have brought this action before the statute of limitations expired." *Ackerman v. Ackerman*, 920 F. Supp. 2d 473, 474 (S.D.N.Y. 2013) (denying Ackerman's motion for reconsideration).

## CONCLUSION

We have considered all of Ackerman's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the December 13, 2012 decision of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3