13-2958-cv
*Byng v. Delta Recovery Services LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand fourteen.

PRESENT:    DEBRA ANN LIVINGSTON,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges*,
            PAMELA K. CHEN,[*]
                        *District Judge*.

_____

KEVIN V. BYNG,

                        *Plaintiff-Appellant*,

   -v-                                                     No. 13-2958-cv

DELTA RECOVERY SERVICES LLC,
ROBERT WOOD, owner of Delta House,

                        *Defendants-Appellees*.

_____

                        Kevin V. Byng, Collins, NY, *pro se*.

                        Michael Crowe, Cutler, Trainor & Cutler, LLP, Malta, NY, *for Defendants-Appellees*.

_____

[*] The Honorable Pamela K. Chen, of the United States District Court for the Eastern District of New York, sitting by designation.

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kevin Byng, proceeding *pro se*, appeals from the judgment of the Northern District of New York (D'Agostino, *J.*), dismissing his action under 42 U.S.C. § 1983 against Defendants-Appellees Delta Recovery Services LLC ("Delta") and Robert Wood. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's *sua sponte* dismissal of a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "*Pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (internal quotation marks omitted). Further, "[w]e review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, the defendant must "have

2

exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks omitted). "[A] private entity does not become a state actor for purposes of § 1983 merely on the basis of the private entity's creation, funding, licensing, or regulation by the government. Rather, there must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation, brackets, emphasis, and internal quotation marks omitted); *see also Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 111 (2d Cir. 2003) ("For the conduct of a private entity to be fairly attributable to the state, there must be such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)) (internal quotation marks omitted)).

Our review of the record reveals no error in the district court's order dismissing Byng's complaint based on its conclusion that the defendants were not state actors for purposes of 42 U.S.C. § 1983. Nor did the district court err in denying Byng leave to amend his complaint. While "generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim," *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014), "leave to amend a complaint may be denied when amendment would be futile," *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006). Where, as here, "[t]he problem with [plaintiff's] causes of action is substantive," amendment cannot save the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

3

The fact that an entity like Delta is licensed by New York agencies and regulated by New York law cannot alone transform it or its personnel into state actors. *See Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491-92 (2d Cir. 2009); *see also Cranley*, 318 F.3d at 112 ("[C]onduct by a private entity is not fairly attributable to the state merely because the private entity is a business subject to extensive state regulation or 'affected with the public interest.'" (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350, 353 (1974))). Nor do Byng's other contentions, including the claim that Delta is a party to state contracts, lead to the conclusion that Delta or Wood was "controlled by" or "entwined with" the state, or that either "has been delegated a public function by the state." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam) (brackets and internal quotation marks omitted). Thus, we affirm the dismissal of Byng's § 1983 claim, and we further conclude that the district court properly denied leave to amend.[1]

We have considered all of Byng's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We note that Byng did not brief his claim under the Americans with Disabilities Act on appeal and, accordingly, has abandoned it. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (deeming *pro se* litigant's claims to be abandoned when not pursued on appeal).