**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

RODNEY DOUGLAS EAVES,

    Plaintiff - Appellant,

v.

KEN PAXTON; CELENA CONTRERAS;
RICARDO GARCIA; CYNTHIA ROSA;
VIRGINA FREED,

    Defendants - Appellees.

No. 24-1400
(D.C. No. 1:23-CV-01628-GPG-KAS)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Plaintiff Rodney Eaves, a Colorado prisoner appearing pro se, appeals from

the district court's dismissal of his 42 U.S.C. § 1983 action.  Our jurisdiction arises

pursuant to 28 U.S.C. § 1291.  We affirm in part, reverse in part, and remand for

further proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

In March 2015, Colorado authorities arrested Mr. Eaves. A Colorado state court convicted him of aggravated robbery and other crimes. He is currently serving a thirty-year term of imprisonment.

While in custody awaiting trial, Mr. Eaves allegedly contacted Ken Paxton, the Attorney General for the State of Texas, to notify him that Mr. Eaves' "financial situation had changed and [he] would not be able to pay the excessive interest owed in [his] debt to the State of Texas." R. vol. I at 11. That debt arose from a Texas state court child support order. According to Mr. Eaves, Mr. Paxton ignored this communication.

For several years following his conviction, Mr. Eaves claims he contacted Mr. Paxton and three employees of the Texas Child Support Division (TCSD), Celena Contreras, Ricardo Garcia, and Cynthia Rose, as well as Virginia Freed, who worked for Benton County (Colorado) Social Services. Mr. Eaves sought "a hearing so [his changed] financial circumstances could be placed on record." *Id.* Mr. Paxton allegedly directed his employees "to ignore" Mr. Eaves' "requests for due process" and "instead instructed Ms. Freed" to "collect payments from" Mr. Eaves. *Id.*

II

Mr. Eaves initiated this federal action in June 2023 by filing a pro se complaint against Mr. Paxton, his employees, and Ms. Freed. The magistrate judge screened the complaint, noted a number of defects therein, and directed Mr. Eaves to file an amended complaint.

2

Mr. Eaves filed an amended complaint in October 2023 asserting claims against the defendants under 42 U.S.C. § 1983 for violating his Eighth and Fourteenth Amendment rights.  The amended complaint asked the district court for declaratory and injunctive relief, as well as compensatory, nominal, and punitive damages.

Defendants moved to dismiss the amended complaint on several grounds.  The magistrate judge reviewed the motions and recommended that they be granted.  The magistrate judge concluded that "[n]o matter how" Mr. Eaves "trie[d] to frame his claims, his alleged constitutional violations directly result[ed] from" an order issued by a Texas state court "impos[ing] an additional interest rate on [his] overdue child support payments." *Id*. at 108.  The magistrate judge also concluded that "[t]he relief sought by" Mr. Eaves "would certainly disrupt the state court judgment." *Id.*  The magistrate judge therefore concluded that Mr. Eaves' claims were "barred by the *Rooker-Feldman* doctrine" and that, therefore, the district court "lack[ed] subject matter jurisdiction over [those] claim[s]." *Id.* at 109; *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).  The magistrate judge did not address any of the defendants' other proposed grounds for dismissal.

Mr. Eaves objected to the magistrate judge's recommendation, arguing that his "claim[s] did not arise from a Texas Child Support Order," but rather "from [(TCSD's)] . . . repeated and continuing denials of a review of his Child Support Order." *Id.* at 113.  Mr. Eaves further noted that his "claims [we]re against

3

[Mr.] Paxton and his case managers and the actions they took and not any action the Texas court made in regard[] to his" child support order. *Id.* Mr. Eaves noted that he was not alleging that his child support order "is or was unconstitutional" or that its "execution" was unconstitutional." *Id.* at 115. Rather, he argued, he was alleging that TCSD employees acted "in an unconstitutional manner" by refusing to allow him the opportunity to establish that his financial circumstances had changed since the state court issued the child support order. *Id.*

The district court overruled Mr. Eaves' objection and affirmed and adopted the magistrate judge's recommendation. The district court concluded that even when framed as a challenge to "the adequacy of the process he received from third parties in follow-on enforcement proceedings," Mr. Eaves' "claims still r[a]n afoul of *Rooker-Feldman*" because they "essentially depend[ed] on the proposition that the TCSD [could not] continue enforcing the [underlying child support order] without affording him a hearing." *Id.* at 128. The district court also noted that Mr. Eaves sought relief, in part, in the form of an order "enjoining the enforcement of the" underlying child support order "and his interest obligations thereunder." *Id.* at 129. Lastly, the district court stated that "the entire reason [Mr. Eaves] wants the TCSD to afford him a hearing is so that he can modify his [child support] obligations." *Id.* The district court dismissed all of Mr. Eaves' claims without prejudice.

Mr. Eaves now appeals.

III

We review de novo the district court's application of the *Rooker-Feldman* doctrine. *Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, 666 F.3d 1255, 1260 (10th Cir. 2012).

"The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *Id.* at 1261. "The doctrine is tied to Congress's decision to vest federal appellate jurisdiction over state court judgments exclusively in the United States Supreme Court." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 514 (10th Cir. 2023). The doctrine "applies when (1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Id.* (internal quotation marks omitted).

We agree with the district court that certain portions of the amended complaint effectively seek to challenge the original child support order that was entered against Mr. Eaves in Texas state court. In the amended complaint's "STATEMENT OF CLAIMS" section, Mr. Eaves complained, in part, that defendants continued to enforce his child support obligations by "tak[ing] money from [him] . . . and plac[ing] liens on [his] Colorado bank accounts." R. vol. I at 12. In the amended complaint's "REQUEST FOR RELIEF" section, Mr. Eaves in turn asked the district court to declare he had "an Eighth Amendment right not to pay excessive fees to the

State of Texas in the form of interest payments" and to "[i]nstruct Bent[on] County

Social Services to halt their enforcement" of the original child support order "until

[he] receives his due process." *Id.* at 16. We conclude that these allegations can

reasonably be construed as a challenge to the original child support order and are thus

precluded by the *Rooker-Feldman* doctrine.[1] *See, e.g.*, *Dixon v. Rick*, 781 F. App'x

561, 561 (7th Cir. 2019) (concluding that *Rooker-Feldman* doctrine precluded

plaintiff's challenge to seizure of funds to satisfy child support debt); *Brown v.*

*Coffin*, 766 F. App'x 929, 931–32 (11th Cir. 2019) (holding that plaintiff's request

for relief from defendant's "administrative actions in enforcing a child support order"

constituted a challenge to the underlying state court judgment); *contrast with Sykes v.*

*Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013) (concluding that *Rooker-Feldman*

doctrine did not apply where plaintiff was not "challeng[ing] the validity or

enforcement of the child support order itself").

　　That said, we also conclude that the remainder of the allegations in the

amended complaint do not implicate the *Rooker-Feldman* doctrine. Mr. Eaves

alleged that after he was arrested, his "financial situation changed substantially."

R. vol. I at 11. He further alleged that he contacted defendants numerous times to

---

[1] Although there is no indication in the record whether Mr. Eaves sought state appellate review of the original child support order, the record does suggest that, prior to his arrest and incarceration in Colorado, Mr. Eaves had accepted the terms of the original child support order and thus the state litigation over the matter had effectively ended, thereby making the original child support order a final judgment for purposes of *Rooker-Feldman*. *See Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 459 (3d Cir. 2019) (discussing three situations in which there is a judgment for purposes of the *Rooker-Feldman* doctrine).

notify them of his changed financial situation, but that Mr. Paxton, in violation of federal and state law, "instructed his case managers to ignore [Mr. Eaves'] requests" for a "hearing so" that his changed "financial circumstances could be placed on record" and his child support obligations potentially reduced. *Id.* In sum, Mr. Eaves alleged that defendants violated his due process rights by ignoring his requests for a modification hearing.

Contrary to the district court's conclusion, none of these allegations can reasonably be construed as asking the district court to review and reject the original child support order. Rather, Mr. Eaves alleges he was entitled under federal and state law to a hearing at which his child support obligations could be reconsidered and modified in light of his changed financial situation, but that defendants knowingly ignored his requests. These allegations are distinct from, and do not call into question the legitimacy of, the original child support order. Thus, we conclude the district court erred in applying the *Rooker-Feldman* doctrine to these allegations.

IV

We affirm in part, reverse in part, and remand for further proceedings consistent with this order and judgment.[2]

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[2] We express no opinion on the validity of Plaintiff's claims. On remand, we leave it to the district court to consider in the first instance whether these allegations

in the complaint are subject to dismissal on any of the other grounds asserted by defendants in their motions to dismiss or which may be asserted by defendants when the district court conducts further proceedings. *See Evers v. Regents of Univ. of Colo.*, 509 F.3d 1304, 1310 (10th Cir. 2007) (holding that when issues are raised but not decided in the district court, the better practice is to "leav[e] the matter to the district court in the first instance").