25-1698-cv
*Piña v. Bank of Am. Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-six.

**PRESENT:**
> **SUSAN L. CARNEY,**
> **BETH ROBINSON,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

FREDERICK PIÑA,

        *Plaintiff-Appellant,*

    v.                                                                No. 25-1698

BANK OF AMERICA CORPORATION,

        *Defendant.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the caption as reflected above.

FOR PLAINTIFF-APPELLANT:                    Frederick Piña, pro se,
Staten Island, NY.

FOR DEFENDANT:                         No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED AS MODIFIED**.

Frederick Piña, representing himself, appeals from the district court's judgment dismissing his action against Bank of America pursuant to 28 U.S.C. § 1915(e)(2)(B). Piña alleged that Bank of America put "holds" on his bank accounts pursuant to an allegedly improper tax warrant issued by the New York State Department of Taxation and Finance ("NYSDTF"). He invoked 42 U.S.C. § 1983, arguing that Bank of America violated his due process rights, and also asserted various other federal and state law claims. On its own initiative, the district court dismissed his complaint pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim, declined to exercise supplemental jurisdiction over his state law

2

claims, and granted leave to amend. *Piña v. Bank of America*, 24-cv-8894, 2025 WL 1580762 (S.D.N.Y. June 4, 2025). Piña filed an amended complaint that largely reiterated his allegations and added a federal claim under the Electronic Fund Transfer Act ("EFTA") and several new state law claims. The district court concluded that he failed to state a § 1983 or EFTA claim and on its own initiative dismissed the amended complaint pursuant to § 1915(e)(2)(B), without further leave to amend. *Piña v. Bank of America*, 24-cv-8894, 2025 WL 1865135 (S.D.N.Y. July 1, 2025). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

We review without deference a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015). We review the decision to decline to exercise supplemental jurisdiction for abuse of discretion. *Kolari v. New York-Presbyterian Hospital*, 455 F.3d 118, 122 (2d Cir. 2006). We review without deference the denial of leave to amend based on futility. *Panther Partners Inc. v. Ikanos Communications, Inc.*, 681

---

[1] On appeal, Piña does not challenge the district court's conclusion that he failed to state a claim under the Right to Financial Privacy Act or the Fair Debt Collection Practices Act. Accordingly, he has abandoned any related arguments. *See Green v. Department of Education of the City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021).

F.3d 114, 119 (2d Cir. 2012). Because Piña "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Medical Systems MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).[2]

First, we agree that Piña failed to state a § 1983 due process claim. "A private actor may be liable under § 1983 only if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013). In other words, "a private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). Here, Piña did not plausibly allege that Bank of America, a private actor, was acting under color of state law when it imposed holds on Piña's account pursuant to a tax warrant issued by NYSDTF. *See Sykes*, 723 F.3d at 406 (concluding that bank was not acting under color of state law where bank "did no more than comply

---

[2] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

with the restraining notice" issued by the New York City Office of Child Support Enforcement).

Nor did Piña plausibly allege that Bank of America was a state actor by virtue of its "willful collaboration" with NYSDTF. Dist. Ct. Dkt. 9 at 11, ¶ 23. His allegations of a conspiracy or collusion were conclusory and relied only on Bank of America's statement that it was obligated to comply with the NYSDTF warrant, which is insufficient to establish that Bank of America willfully and jointly participated in NYSDTF's actions in any way. *See Ciambriello*, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.").

Second, we agree that Piña failed to state a claim under the EFTA. The EFTA "provide[s] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund . . . transfer systems," 15 U.S.C. § 1693(b), including in the event of an "unauthorized electronic fund transfer," *see id.* §§ 1693f, 1693g, 1693m(a). Piña did not plausibly allege that the tax "holds" on his account were an "electronic fund transfer" for purposes of the EFTA, let alone an "unauthorized" one. *See id*. § 1693a(7), (12) (defining "electronic fund

transfer" and "unauthorized electronic fund transfer").

Third, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Piña's state law claims. In its first dismissal order, the district court explained that it was declining to exercise supplemental jurisdiction over Piña's state law claims. In its second dismissal order, the district court did not expressly address Piña's state law claims, but we interpret the district court's order as implicitly declining to exercise jurisdiction over them. "[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Kolari*, 455 F.3d at 122. Because the district court dismissed all of Piña's federal claims on the pleadings, it did not abuse its discretion by declining to exercise supplemental jurisdiction over his state law claims.

Because the district court did not specify that it was dismissing Piña's state law claims without prejudice, however, we affirm the judgment as modified to specify that the dismissals of his state law claims were without prejudice. *See Green v. Department of Education of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("[D]ismissals for lack of subject matter jurisdiction must be without

6

prejudice, rather than with prejudice."); *United States v. Adams*, 955 F.3d 238, 250–51 (2d Cir. 2020) (recognizing this Court's authority to modify and affirm judgments under 28 U.S.C. § 2106).

Finally, the district court properly declined further leave to amend. The district court had already permitted Piña the opportunity to amend, and the court was correct that further leave to amend would have been futile. Piña has not identified any additional allegations that would change the analysis regarding his federal claims. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (denying leave to replead a claim where repleading would not be able to overcome the defects in the claim).

Because the district court declined to exercise jurisdiction over the state law claims, we need not consider Piña's challenges to the district court's references to the Tax Injunction Act, 28 U.S.C. § 1341. In addition, Piña's assertion that the Chief Judge of the district court improperly issued a dismissal order after reassigning the case to another judge is not supported by the record. Both the initial and the second dismissals were issued by Judge Stanton *after* the case was reassigned to him.

For these reasons, we **AFFIRM AS MODIFIED** the judgment of the district

court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court